IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES ALTON BURNS                                          PETITIONER

vs.                                            CIVIL ACTION NO. 1:12cv191-SA-SAA

LOWNDES COUNTY ADULT
DETENTION CENTER, et al.                                     RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner, an inmate currently confined at the Lowndes County Adult Detention Center in Columbus, Mississippi, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he is wrongfully incarcerated, and he seeks dismissal of charges pending against him because of Respondents' alleged violation of his constitutional right to due process. Respondents have filed a motion to dismiss the instant cause, asserting that Petitioner has not exhausted his State court remedies, and that he otherwise seeks relief not available in habeas corpus. Petitioner has filed a response. After reviewing the pleadings, and for the reasons set forth below, the Court finds that it should grant Respondents' motion and dismiss this cause.

### Factual and Procedural Background

Petitioner is currently incarcerated in the Lowndes County Adult Detention Center as a result of two separate charges asserted against him in the Circuit Court of Lowndes County, Mississippi, in cause numbers 2011-0093-CR1K and 2012-0277 CR1K. On August 16, 2011, Petitioner pled guilty to a charge of domestic violence in the Circuit Court of Lowndes County Mississippi in cause number 2011-0093-CR1K and was sentenced to five years in the Mississippi Department of Corrections, with four years suspended. (*See* Mot. to Dismiss Ex. B).

1

Petitioner was subsequently arrested on April 21, 2012, on a charge of felony domestic violence. (*See* Mot. to Dismiss Ex. A). On May 7, 2012, a "Petition to Revoke Post-Release Supervision" was entered in Cause No. 2011-0093-CR1K, asserting that Petitioner's post-release supervision for felony domestic violence should be revoked due to Petitioner's arrest on April 21, 2012, for a new charge of felony domestic violence. (*See* Mot. to Dismiss Ex. A).[1] On August 15, 2012, a Lowndes County Grand Jury indicted Petitioner for the new charge of felony domestic violence in Cause No. 2012-0277-CR1K. (*See* Mot. to Dismiss Ex. D). On August 22, 2012, trial was set in that cause for November 26, 2012. (*See id.* Ex E). On September 7, 2012, Petitioner's post-release supervision was revoked and he was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections. (*See* Mot. to Dismiss Ex. C). Petitioner signed the instant petition on August 27, 2012, alleging wrongful imprisonment and denial of due process.

**Petitioner's Allegations and Requested Relief**

Petitioner alleges that he was denied a timely initial appearance and received no preliminary hearing in the newly charged domestic violence case, despite his requests that a preliminary hearing be held. Petitioner maintains that he believes his civil rights have been violated because he has not been released on bond. He also contends that he has been detained since April 21, 2012, and that he was not served an arrest warrant or given probable cause to support the arrest before he was indicted.

Petitioner asks the Court to allow his case to proceed as a wrongful incarceration suit

---

[1] The petition also alleged Petitioner was arrested on April 2, 2012 for public drunk. (*See* Mot. to Dismiss Ex. A).

against the Circuit Court of Lowndes County, the Justice Court of Lowndes County, and the Lowndes County Sheriff's Department. He also asks that the Court dismiss his charge of aggravated domestic violence due to Lowndes County's failure to follow the appropriate procedures in his case.

## Discussion

A habeas petition filed by a pretrial detainee is properly considered under 28 U.S.C. § 2241. *See, e.g., Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 petition filed by a sentenced prisoner, however, is proper only when it "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration[.]" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Respondents maintain that since Petitioner has been sentenced on the revocation in cause number 2011-0093-CR1K, his challenge to that sentence is properly challenged pursuant to § 2254 rather than § 2241. However, the Court finds that regardless of whether the instant petition is considered under § 2254 or § 2241, it is apparent that Petitioner has not yet exhausted his available State court remedies, as required to proceed with this action. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (holding that a petitioner proceeding under § 2241 must first exhaust his State remedies); *see also* § 2254(b)(1) (requiring exhaustion of State remedies in § 2254 action). Therefore, a challenge to his revocation proceedings is premature, and he is not entitled to habeas relief on this claim.

The Court also finds that Petitioner is not entitled to the requested relief in cause number 2012-0277-CR1K. Because he has not yet been convicted, Petitioner is a pretrial detainee who has the right to seek federal habeas relief, but that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior

3

to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). Courts have recognized "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted). A pretrial detainee who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Id.*

In his prayer for relief, Petitioner asks that his pending charges be dismissed due to the court's failure to follow proper procedures. To the extent Petitioner is attempting to prevent the State from following through with its prosecution of him on the pending charge, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes" and no federal intervention is warranted. *Brown*, 530 F.2d at 1282-83 (citations omitted); *see also Dickerson*, 816 F.2d at 225 ("[F]ederal courts should abstain from the exercise of [] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner."). Petitioner has been indicted on the pending charge and a trial date has been set. In this case, the Court does not find any "special circumstances" to exist that would warrant federal intervention into the criminal charges pending against Petitioner in State court. *Dickerson*, 816 F.2d at 225. Therefore, Petitioner fails to state a claim upon which relief can be granted, and Respondent's motion should be granted.

## Conclusion

Because Petitioner seeks a dismissal of the charge and release from custody, rather than the enforcement of certain procedures allegedly denied him, he seeks relief that is unavailable in federal habeas. The Court also finds Petitioner has failed to exhaust his State court remedies. Therefore, the Court finds that Respondents' motion to dismiss for failure to state a claim upon which habeas relief can be granted (doc. entry no. 5) is **GRANTED** and the instant petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are dismissed as moot. A separate judgment in accordance with this opinion and order will be entered today.

**SO ORDERED**, **THIS** the 10th day of October, 2012.

                                                     /s/ Sharion Aycock
                                                   **U.S. DISTRICT JUDGE**